IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JACOB DANIEL FAIRBANKS, #Y25678, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) )   Case No. 21-cv-00356-JPG ) |
| DAVID MAHONE, STEVE LANGHORST, and MARNIE WEB, | ) ) ) ) ) |
| Defendants. | ) |

## ORDER DISMISSING CASE

**GILBERT, District Judge:**

On April 2, 2021, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff claimed he was denied medical care for a broken wrist at Effingham County Jail. (*Id*. at 6). He requested money damages from the defendants. (*Id*. at 7).

Along with the Complaint, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis*. (Doc. 2). He requested permission to proceed without prepayment of the entire filing fee for this action. (*Id*.). On April 5, 2021, Plaintiff's Motion was denied. (Doc. 5). The Court ordered him to pay the full $402.00 filing fee for this action on or before May 5, 2021. (*Id*.). He was warned that "[f]ailure to comply with this Order will result in dismissal of this action for failure to comply with a court order under Federal Rule of Civil Procedure 41(b)." (*Id*.).

Plaintiff was separately notified of his obligation to update the Court regarding any address changes in a timely manner. (*See* Doc. 3). The Court "advised [Plaintiff] that if [his] address change[d], [he] must notify the Court within seven days of the change by filing a Notice of Change of Address." (*Id*.). He was warned that failure to do so could result in dismissal. (*Id*.).

On April 26, 2021, the Order Denying IFP was returned undeliverable because Plaintiff was released on parole. (Docs. 5 and 7). He did not notify the Court of his updated address. (*Id*.). He also missed the deadline for paying the filing fee for this action on May 5, 2021. (*See* Doc. 5). Given that Plaintiff has not paid his filing fee for this action by the deadline or updated his address with the Court as required, the Court will not allow this matter to linger any longer.

Accordingly, the action is **DISMISSED** without prejudice for failure to comply with an Order of this Court and for want of prosecution. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). This dismissal shall **NOT** count as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, so the fee of $402.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: May 10, 2021**

                                            **s/J. Phil Gilbert**
                                            **J. PHIL GILBERT**
                                            **U.S. District Judge**